IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SELEMANI HAKIZIMANA, | :: | PRISONER CIVIL RIGHTS |
| Plaintiff, | :: | 28 U.S.C. § 1331 |
| | :: | |
| v. | :: | |
| | :: | |
| USA, | :: | CIVIL ACTION NO. |
| Defendant. | :: | 1:17-CV-969-WSD-JKL |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff is a federal prisoner in Folkston, Georgia who is serving a sentence imposed by the U.S. District Court for the Northern District of Texas. J., *United States v. Hakizimana*, No. 3:13-cr-15-D (N.D. Tex. June 5, 2014). Plaintiff is scheduled to complete his sentence in September 2017. (Doc. 3 at 1.)

Given his impending release, Plaintiff, pro se, filed with the Texas court a request for release of his luggage that he says the U.S. Marshals Service (the "USMS") seized when it arrested him at the airport in Atlanta, Georgia on July 31, 2013.[1] *Id.*,

---

[1] A prisoner proceeding pro se is deemed to have filed a document in federal court on the date he mails it to the court. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1325 (11th Cir. 2001). Although the Texas court received Plaintiff's request on February 7, 2017 and Plaintiff did not state when he mailed it, it appears that Plaintiff wrote "01/30/17" on the document as an indication of the date he prepared it. (Doc. 3 at 1.) Because there is no evidence that Plaintiff mailed the document on a date other than January 30, 2017, the Court will consider it filed on that date. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

ECF No. 61; Doc. 3.  That court construed the request as a civil matter, opened a new civil action, and provided Plaintiff a civil rights complaint form.  (Doc. 4.)  Plaintiff filed an amended complaint on the form, naming the United States as Defendant.  (Doc. 6.)  The Texas court then transferred the case to this Court because the subject of the complaint – the alleged property seizure – occurred in Atlanta.  (Doc. 8.)

This Court granted Plaintiff's motion to proceed *in forma pauperis* and now must screen his amended complaint.  A federal court must screen a prisoner's complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief.   28 U.S.C. § 1915A.

The United States generally is immune from suit, but the Federal Tort Claims Act (the "FTCA") provides an exception for some torts committed by federal employees.  28 U.S.C. §§ 1346(b), 2674.  A claim that is not excepted under the FTCA is viable if the plaintiff alleges facts plausibly showing that he suffered an injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable" to the plaintiff under state law.  28 U.S.C. § 1346(b)(1).

2

AO 72A
(Rev.8/82)

Case 1:17-cv-00969-WSD   Document 11   Filed 03/31/17   Page 3 of 6

The allegations in Plaintiff's amended complaint are presumed true for purposes of the § 1915A screening. *See Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2011). As noted above, the amended complaint alleges simply that the USMS seized two pieces of Plaintiff's luggage when they arrested him on July 31, 2013 and have not returned the property to him. (Doc. 6 at 4.) Plaintiff contends that the luggage contained clothes, shoes, jewels, documents, and car parts. (*Id.* at 3-4.) Plaintiff seeks either compensation for the loss of that property or an order that the property be returned to him. (*Id.* at 4.) Plaintiff's amended complaint is liberally construed as asserting a claim under the FTCA for wrongful deprivation of his personal property.

An FTCA claim must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" and must be presented in court "within six months after the date of mailing . . . of notice of final denial of the claim by the agency." *Id.* § 2401(b); *see id.* § 2675(a). Plaintiff stated that he exhausted all steps of the prison's internal grievance procedure regarding his property deprivation claim. (*Id.* at 3.) He did not state, however, that he presented an FTCA claim in writing to the USMS (or any other federal agency) or received a written denial of any such claim. (*See generally id.*) Nor did he present any evidence that he filed such a claim or received such a denial.

AO 72A
(Rev.8/82)

Plaintiff's FTCA claim thus appears to be untimely.[2]  A claim accrues, i.e., the statute of limitations begins to run, "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citations and quotation marks omitted).  Plaintiff knew the USMS had seized his personal property on the date they seized it, which was July 31, 2013.  At that time, Plaintiff had a complete cause of action and could have asserted a claim.  Plaintiff thus had to present his FTCA claim, in writing, to the USMS, or any other federal agency that had his property, by July 31, 2015.  *See* 28 U.S.C. § 2401(b).  There is no allegation or evidence that he did so.  Nor is there any allegation or evidence that the agency denied any such claim or that Plaintiff filed this suit within six months of any such denial.

The Court need not decide the timeliness issue, however, because even if Plaintiff's claim is timely, the allegations in the amended complaint do not state a

---

[2] A claim against the individual USMS officer(s) who seized the property would be untimely because such claims must be brought in court within two years of the date they accrue.  *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996).  As discussed below, Plaintiff's claim accrued on the date the USMS seized his property, but he waited more than two years to file this action.  *See Holt v. Valls*, 395 F. App'x 604, 606 (11th Cir. 2010) ("Because Holt filed this lawsuit on September 15, 2008, more than two years after the alleged unlawful seizure of his property on March 20, 2006, the Fourth Amendment claim he raises is barred by the statute of limitations.").  In fact, Plaintiff waited more than two years after his criminal case concluded to file suit.

AO 72A
(Rev.8/82)

viable claim under the FTCA.  The FTCA does not provide relief for "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by . . . any [] law enforcement officer" unless all of the following is true: the officer seized the property for the purpose of forfeiture; the officer injured or lost the property; the claimant's interest in the property was not forfeited, remitted, or mitigated; and the claimant was not convicted of a crime making his interest forfeitable.[3]  28 U.S.C. § 2680(c).

The amended complaint alleges that the government has detained Plaintiff's property, not that it has injured or lost the property, and does not allege any facts supporting a finding that any of § 2680(c)'s other requirements are met.  Section 2680(c) thus bars relief.  That is the case even if the federal Bureau of Prisons has taken possession of the property from the USMS.  *See Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 215-16 (2008) (holding that § 2680(c) barred FTCA claim that the Bureau of Prisons unlawfully detained and lost prisoner's personal property).

---

[3] The FTCA defines "law enforcement officer" as "any officer of the United States who is empowered by law . . . to make arrests for violations of Federal law." 28 U.S.C. § 2680(h).  Plaintiff alleges that his property was seized by USMS officers when they arrested him for violation of federal law.  (Doc. 6.)  USMS officers are federal officers empowered to make such arrests and, thus, are law enforcement officers under the FTCA.  *See Schlaebitz v. U.S. Dep't of Justice*, 924 F.2d 193, 195 (11th Cir. 1991).

The court of appeals held in a similar case that § 2680(c) barred a claim that USMS officers negligently released to a third party luggage they seized from the plaintiff during his arrest at an airport rather than returning the luggage to the plaintiff. *Schlaebitz v. U.S. Dep't of Justice*, 924 F.2d 193, 194-95 (11th Cir. 1991); *see also Macia v. U.S. Marshals Serv.*, 277 F. App'x 914, 919 n.5 (11th Cir. 2008) ("Taking the allegations of Macia's complaint as true, the detention of goods exception to the FTCA would apply to shield the Marshals from suit for monetary damages, since Macia's claim for damages arose from the Marshals's detention of his personal property."). When § 2680(c) bars relief, the district court lacks subject matter jurisdiction over the FTCA claim. *Schlaebitz*, 924 F.2d at 195.

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED** for lack of subject matter jurisdiction.

**SO RECOMMENDED**, this 31st day of March, 2017.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)