# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SELEMANI HAKIZIMANA,

    **Plaintiff,**

v.

UNITED STATES OF AMERICA,

    **Defendant.**

1:17-cv-969-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge John K. Larkins III's Final Report and Recommendation [11] ("R&R").

On January 30, 2017, Plaintiff Selemani Hakizimana ("Plaintiff"), a federal prisoner, filed his *pro se* Complaint [3]. On February 24, 2017, he filed his Amended Complaint [6]. Plaintiff alleges that, on July 31, 2013, he was arrested, by the U.S. Marshals Service ("USMS"), at the Atlanta International Airport. He claims the USMS took two of his bags and have not returned them. He seeks return of the bags or compensation for their loss. On March 31, 2017, the Magistrate Judge screened Plaintiff's Amended Complaint and issued his R&R,

recommending that this action be dismissed.[1]  Plaintiff did not file objections to the

R&R and the Court thus reviews it for plain error.  See United States v. Slay, 714

F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

The Magistrate Judge construed Plaintiff's Amended Complaint as asserting

a claim, under the Federal Tort Claims Act ("FTCA"), for wrongful deprivation of

Plaintiff's personal property.  (R&R at 2-3).  "The FTCA provides a limited waiver

of the sovereign immunity of the United States for tort claims."  Nelson v. United

States, 478 F. App'x 647 (11th Cir. 2012); see 28 U.S.C. § 1346(b)(1).  The FTCA

does not, however, provide relief for "[a]ny claim arising in respect of . . . the

detention of any goods, merchandise, or other property by . . . any [] law

enforcement officer."  28 U.S.C. § 2680(c).[2]  The Magistrate Judge found that

Plaintiff's claim is barred by this provision.  The Court finds no plain error in this

determination, and this action is required to be dismissed.  See Ali v. Fed. Bureau

of Prisons, 552 U.S. 214, 215-16 (2008) (holding that § 2680(c) barred an FTCA

---

[1] A federal court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  The Court is required to dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).  A claim is frivolous, and must be dismissed, where it "lacks an arguable basis either in law or in fact."  Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

[2] This rule is subject to a limited exception that does not apply in this case. (See R&R at 5).

claim that the Bureau of Prisons unlawfully detained and lost prisoner's personal property); Macia v. U.S. Marshals Serv., 277 F. App'x 914, 919 n.5 (11th Cir. 2008) ("Taking the allegations of Macia's complaint as true, the detention of goods exception to the FTCA would apply to shield the Marshals from suit for monetary damages, since Macia's claim for damages arose from the Marshals's detention of his personal property."); see also Schlaebitz v. U.S. Dep't of Justice, 924 F.2d 193, 194-95 (11th Cir. 1991).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkins III's Final Report and Recommendation [11] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 27th day of April, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE